Citation Nr: 1522716 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-21 735A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to a disability rating greater than 10 percent for bilateral tinea pedis with onychodystrophy of the toenails.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel


INTRODUCTION

The Veteran served on active duty from April 1979 to July 1985.

The Veteran's claim comes before the Board of Veterans' Appeals (Board) on appeal from April 2010 and January 2011 rating decisions of the U.S. Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. The Veteran filed Notice of Disagreements (NODs) in September 2010 and March 2011. The RO issued a Statement of the Case (SOC) in June 2013. In August 2013, the Veteran filed his Substantive Appeal.

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran contends that his service-connected bilateral tinea pedis is more disabling than currently evaluated. Having reviewed the record evidence, the Board finds that additional development is required before the underlying claim can be adjudicated on the merits. 

In his August 2013 Substantive Appeal (on VA Form 9), the Veteran requested a Board hearing at the local RO before a Veterans Law Judge (VLJ) (Travel Board hearing). In a July 2014 letter, he was notified that his Board hearing had been scheduled for August 2014, but he failed to appear for the proceeding. In an October 2014 letter, the Veteran informed VA that his address change had not yet been processed. The Veteran provided his new mailing address and stated that he had lived at that new address for all of 2014. The Veteran stated that he had missed VA appointments because the letters were sent to his old address. Accordingly, the Board finds that the Veteran did not receive the July 2014 notification of his prior Board hearing and has presented good cause for his failure to report for this hearing. Thus, on remand, the Veteran should be scheduled for a Travel Board hearing at his local RO. 38 U.S.C.A. § 7107 (West 2014); 38 C.F.R. §§ 19.75, 19.76, 20.700, 20.703, 20.704 (2014).

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a Travel Board hearing at the RO. A copy of the notice letter sent to the Veteran and his service representative concerning this hearing should be included in the claims file.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL T. OSBORNE
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).